UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                           )
                                 )    CHAPTER 13
DONALD REGINALD HOLMES &         )
CAROLYN ROSS HOLMES              )
                                 )    CASE NO. 11-80164
                    DEBTORS.     )

## UNITED STATES OF AMERICA'S OBJECTION TO
## CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Comes now the United States of America, by and through its
attorney, Ripley E. Rand, United States Attorney for the Middle
District of North Carolina, on behalf of the Internal Revenue
Service (the Service), and objects to confirmation of the
Proposed Plan and Order Confirming Plan (the plan) filed herein
on March 21, 2011.

IN SUPPORT THEREOF, the United States avers:

1.  The debtors in this case filed their Chapter 13 petition
on January 28, 2011.

2.  On February 10, 2011, the Service filed its Proof of
Claim dated February 9, 2011, in the amount of $82,112.76.  On
March 9, 2011, the Service filed an amendment to that Proof of
claim (Service's amended claim).  Such amended claim consists of
a secured claim in the amount of $74,236.88, an unsecured
priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of

$1,939.96, and an unsecured general claim in the amount of $126.36. A copy of the Service's amended claim is attached hereto as Exhibit A.

3. The debtors' income tax liability set forth on the Service's amended claim with respect to taxable year 2010 has been estimated because they have not filed a Federal income tax return for such year.

4. According to 11 U.S.C. § 1308, not later than the day before the date on which the meeting of creditors is first scheduled to be held under 11 U.S.C. § 341(a), the debtors must file all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

5. Since the Chapter 13 petition in this case was filed on January 28, 2011, the debtors were required to file all tax returns for all taxable periods ending between January 28, 2007, and January 28, 2011, before March 3, 2011, the day before the meeting of creditors under 11 U.S.C. § 341(a) was first scheduled to be held on March 4, 2011, in order to comply with 11 U.S.C. § 1308.

6. The debtors have failed to file a Federal income tax return for the taxable year 2010 in violation of 11 U.S.C. § 1308.

7.  Since the debtors have not filed all applicable Federal tax returns as required by 11 U.S.C. § 1308, they have not satisfied the requirement for confirmation of their Chapter 13 plan as set forth at 11 U.S.C. § 1325(a)(9).

8.  The Chapter 13 plan is also objectionable because it does not adequately provide for the Service's secured claim in the amount of $74,236.88.  The treatment of that claim is governed by 11 U.S.C. § 1325(a)(5).  Under that provision, a plan's proposed treatment of secured claims will be confirmed if (1) the secured creditor accepts the plan, see 11 U.S.C. § 1325(a)(5)(A); (2) the debtor invokes the so-called "cram down" power, see 11 U.S.C. § 1325(a)(5)(B); or (3) the debtor "surrenders" to the creditor the property securing the claim, see 11 U.S.C. § 1325(a)(5)(C).  In the instant case, it appears that the debtors are trying to satisfy the Service's amended claim by "surrendering" certain real property to the Service.  For the reasons discussed below, the debtors' plan fails to "surrender" any property to the Service.

9.  In In re White, 487 F.3d 199 (4th Cir. 2007), the Fourth Circuit Court of Appeals addressed what constitutes a "surrender" under 11 U.S.C. § 1325(a)(5)(C).  The Court provided in pertinent part:

> At the most basic level, then, the word "surrender"
> means the relinquishment of all rights in property,

> including the possessory right, even if such
> relinquishment does not always require immediate
> physical delivery of the property to another.

In re White, supra at 205.  The Court further provided that the

surrender must by completed at or before the confirmation of the

debtor's plan.  Id. at 207.

10.  In the instant case, the debtors' proposed plan

provides, inter alia, that the debtors will "sell or refinance

some or all of their real property with 12 months, paying off all

secured and priority claims at that time".  Such actions are not

a "surrender" of any property to the Service within the meaning

of 11 U.S.C. § 1325(a)(5)(C).  See In re White, supra.

11.  At a minimum, the debtors' plan should provide that the

real property securing the Service's secured claim will be

offered for immediate sale.  In addition, the plan should include

provisions that allow for the Service to sell such real property

if the debtors are unable sell such property within a reasonable

amount of time.  To that end, the Service proposes that its

Appraisal Liquidation Specialists be allowed to sell such real

property if the debtors are unable to sell it by April 15, 2012.

12.  For the foregoing reasons, the debtors' plan does not

adequately provide for the Service's secured claim in the amount

of $74,236.88.  Moreover, the debtors have not filed their

Federal income tax return for taxable year 2010 as required by 11

U.S.C. § 1308.  Consequently, the debtors' plan should be denied
confirmation.

WHEREFORE, it is requested that the debtors' Chapter 13 plan
be denied confirmation and that the debtors be ordered to file
their Federal income tax return for taxable year 2010 prior to
filing a new Chapter 13 plan.


                                    Ripley E. Rand
                                    United States Attorney


   4/15/11                    By:   _____
_____                    Scott L. Little
     Date                           Special Assistant
                                    United States Attorney
                                    F.L. Bar No. 0963011
                                    2303 W. Meadowview Rd.
                                    Kinston Building, Mail Stop 24
                                    Greensboro, NC 27407-3726
                                    Tel. No. (336) 378-2055

| UNITED STATES BANKRUPTCY COURT MIDDLE     DISTRICT OF NORTH CAROLINA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>  DONALD REGINALD & CAROLYN ROSS HOLMES | Case Number:<br>11-80164 |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>  Department of the Treasury - Internal Revenue Service | ■ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>Telephone number: 1-800-913-9358      Creditor Number: 784704282 | Court Claim Number: 2<br>*(If known)*<br><br>Filed on: _____ 02/09/2011 |
| Name and address where payments should be sent (if different from above):<br>Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317<br><br>Telephone Number: 1-800-913-9358 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ 76,303.20 <br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>■ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**    Taxes <br>  (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:**    See Attachment <br><br>  **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ■ Real Estate   ■ Motor Vehicle   ■ Other<br>Describe: *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321*<br><br>Value of Property:$ _____    Annual Interest Rate 3 %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $ 74,236.88 _____     Basis for perfection:   See Attachment <br><br>Amount of Secured Claim: $ 74,236.88     Amount Unsecured: $ 126.36 | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>■ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$ 1,939.96 <br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>03/08/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
| /s/ W SUMMERS,<br>Bankruptcy Specialist<br>(336) 378-2366 | Internal Revenue Service<br>2303 Meadowview Road<br>M/S 9<br>GREENSBORO, NC 27407 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

Exhibit A

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



Form **10**
Attachment

| Case Number |
|---|
| 11-80164 |

| Type of Bankruptcy Case |
|---|
| CHAPTER 13 |

| Date of Petition |
|---|
| 01/28/2011 |

**In the Matter of:** DONALD REGINALD & CAROLYN ROSS
HOLMES
2130 EATON FERRY ROAD
LITTLETON, NC 27850

Amendment No. 1 to Proof of Claim dated 02/09/2011.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-6361 | INCOME | 12/31/2001 | 02/12/2007 | $0.00 | $3,960.49 | $428.01 | 03/09/2009 | HALIFAX COUNTY |
| XXX-XX-6361 | INCOME | 12/31/2002 | 02/19/2007 | $6,590.00 | $5,351.97 | $4,013.94 | 03/09/2009 | HALIFAX COUNTY |
| XXX-XX-6361 | INCOME | 12/31/2006 | 11/05/2007 | $37,093.77 | $8,508.51 | $8,290.19 | 03/09/2009 | HALIFAX COUNTY |
| | | | | $43,683.77 | $17,820.97 | $12,732.14 | | |

**Total Amount of Secured Claims:** $74,236.88

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-6361 | INCOME | 12/31/2008 | 09/21/2009 | $677.00 | $49.66 |
| XXX-XX-6361 | INCOME | 12/31/2009 | 02/28/2011 | $0.00 | $0.00 |
| XXX-XX-6361 | INCOME | 12/31/2010 | *1* Unassessed-No Return | $1,213.30 | $0.00 |
| | | | | $1,890.30 | $49.66 |

**Total Amount of Unsecured Priority Claims:** $1,939.96

**Unsecured General Claims**

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $126.36

**Total Amount of Unsecured General Claims:** $126.36

1 UNASSESSED TAX LIABILITY(IES) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.

COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 11-80164 | Lien Recorded  : 03/09/2009 - 11:21AM<br>Recording Number: 09M67<br>UCC Number    :<br>Liber         :<br>Page          : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #3<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 521523709 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  DONALD R HOLMES & CARO ROSS-HOLMES


Residence:
  2130 EATON FERRY RD
  LITTLETON, NC 27850-7707


With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-6361 | 02/12/2007 | 03/14/2017 | $4,879.09 |
| 1040 | 12/31/2002 | XXX-XX-6361 | 02/19/2007 | 03/21/2017 | $12,750.09 |
| 1040 | 12/31/2006 | XXX-XX-6361 | 11/05/2007 | 12/05/2017 | $40,078.57 |

| Filed at: CLERK OF SUPERIOR COURT<br>HALIFAX COUNTY<br>HALIFAX, NC 27839 | Total | $57,707.75 |
|---|---|---|

This notice was prepared and executed at BALTIMORE, MD
on this, the 03rd day of March, 2009.

| Authorizing Official:<br>  DEBRA K. HURST<br>  (800) 829-7650 | Title:<br>ACS W&I | 12-00-0000 |
|---|---|---|

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing UNITED STATES OF AMERICA'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPETER 13 PLAN was served this date on the parties listed below by depositing copies thereof, postage prepaid, in the United States mail, or via electronic service of the ECF system:

Donald Reginald Holmes
2130 Eaton Ferry Road
Littleton, NC 27850

Carolyn Ross Holmes
2130 Eaton Ferry Road
Littleton, NC 27850

John T. Orcutt
Attorney for Debtor
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P.O. Box 3613
Durham, NC 27702

Date: 4/15/11

SCOTT L. LITTLE
Special Assistant
United States Attorney
F.L. Bar No. 0963011
320 Federal Place, Room 509
Greensboro, NC 27401
Telephone: (336) 378-2055