UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
) Case No. 11-80164
DONALD REGINALD HOLMES ) Chapter 13
CAROLYN ROSS HOLMES, )
)
       Debtors )

## MOTION TO CONVERT OR DISMISS

    NOW COMES EquiSource Home Mortgage Corporation (herein "EquiSource"), by and through its undersigned counsel, and hereby moves this Court to convert this case to a Chapter 7 proceeding or dismiss this case in its entirety, as follows

    1.    The Debtors commenced this case by a Chapter 13 petition filed January 28, 2011.

    2.    As of the petition date, the Debtors were the owners of certain real property and improvements located at 2130 Eaton Ferry Road, Littleton, Warren County, North Carolina (the "Real Property"), which is located in the Eastern District of North Carolina.

    3.    As of the petition date, the Debtors were indebted to EquiSource in the amount of $87,445.59, secured by a perfected first mortgage on the Real Property.

    4.    As of the petition date, the mortgage owed to EquiSource had matured and, notwithstanding that the Debtors had been continuously living in the Real Property, the Debtors had not made payment in any amount to EquiSource for approximately 10 months

    5.    Immediately prior to the petition date, EquiSource held a foreclosure sale with respect to the Real Property at which it was the high bidder; the Debtors' bankruptcy petition was filed during the 10-day "upset bid" period following such foreclosure sale.

    6.    As of the petition date, the Debtors were in arrears in the amount of $3,675 with respect to the *ad valorem* property taxes due on the Real Property, which unpaid taxes create a priming lien with respect to EquiSource's mortgage on the Real Property.

    7.    As of the petition date, the Debtors had let their hazard insurance on the Real Property lapse.

8. On information and belief, as of the petition date the Debtors had also failed to timely pay one or more years' state and federal income taxes, giving rise to an IRS tax lien on the Real Property in the amount of approximately $75,000 and a North Carolina Department of Revenue Lien on the Real Property in the amount of approximately $26,000.

9. The initial Motion For Confirmation proposed for the Debtors to make $900 per month Plan payments to the Trustee beginning March 2011. The initial Plan further called for EquiSource to be paid its $87,445.59 outstanding balance in full by a refinancing or sale of the Real Property before March 31, 2012, but made no reference to any interest to be paid to EquiSource with respect to such claim. Payment of the $75,000 in past due federal taxes and the $26,000 in past due state taxes were also were to be paid from a sale or refinancing of the Real Property. Treatment of the $3,675 in unpaid *ad valorem* taxes on the Real Property was "unknown" and a zero percent dividend was provided with respect to the $17,500 in unsecured claims listed on the Debtors' schedules notwithstanding that according to the Debtors' schedules, they have several hundred thousand dollars in equity in the Real Property.

10. EquiSource timely filed an objection to the initial Motion For Confirmation, primarily on economic feasibility grounds, but also raising concerns about whether the proposed Plan adequately protected EquiSource's interest in the Real Property for the first 12 months of the Plan and/or whether the proposed Plan treatment was only delaying an inevitable forced sale of the Real Property to satisfy the various liens against it.

14. Confirmation of that proposed Plan was denied and the Debtors filed a new proposed plan, calling for a adequate protection payments to EquiSource of $874 per month, followed by minimum equal payments of $1,660.27 per month over a 60 month term.

15. On May 4, 2011, the Trustee filed a new Motion For Confirmation based on the Debtors' second proposed plan, calling for the Debtors to make $1,073 per month plan payments for March and April 2011, followed by 58 monthly payments of $3,387 each beginning May 2011. From these monies, the Trustee proposed to pay his commission, $3,000 in attorneys' fees to the Debtors' attorney, the $87,445.59 owed to EquiSource, the $75,000 IRS claim, and the $3,731.07 owed for *ad valorem* property taxes, but made no provision for payment of the $27,000 state tax claim.

16. EquiSource timely filed an objection to the amended Motion For Confirmation, again raising the question of whether the Debtors' current financial situation would realistically allow them to fund the proposed plan and pointing out that it failed to provide for all secured claims, *i.e.*, there was no provision for the state tax claim of approximately $26,000.

17. At the time of the hearing on the amended Motion for Confirmation held on June 16, 2011, the Debtors were already in arrears on their proposed Chapter 13 Plan

payments in the amount of approximately $4,900 according to the Trustee, although at the hearing the Debtors advised the Court that they had made a $1,400 payment that morning, bringing their arrears down to approximately $3,500.

18. After reviewing the record and considering the fact that the Debtors were in arrears on their Plan payments and the amended Motion For Confirmation made no provision for the state tax claim of approximately $26,000, the Court again denied confirmation and gave the Debtors ten (10) days to bring their Chapter 13 Plan payments current and file a new proposed plan.

19. As set forth in both of EquiSource's objections to confirmation in this case, the Debtors' proposed monthly budget is unrealistic, and more than 25% of the total is from voluntary contributions from family members who could obviously stop paying at any moment. Further, the Debtors have thus far demonstrated that they have only been able to pay approximately $1,200 per month since this case was commenced. Finally, even with the Female Debtor's new job and those voluntary family contributions, the Debtors' amended Schedules I & J simply do not demonstrate that the Debtors have the necessary available income to fund the approximately $4,200 per month Plan payment it appears would needed to pay all of the allowable claims in full plus the Debtors' attorney's fee and the Trustee's commission.

20. Under the circumstances, EquiSource therefore moves this Court to convert this case to a Chapter 7 case for the best interests of the creditors, in order for a trustee to be appointed whose charge it is to market and sell the Real Estate in an orderly fashion in order to liquidate it as soon as possible and pay, likely in full, the matured mortgage owed to EquiSource as well as the various taxing authorities who also have liens on the Real Property, and possibly all or a substantial portion of the Debtors' unsecured creditors.

21. In the alternative, EquiSource moves this Court to dismiss this Chapter 13 case as being prejudicial to creditors, primarily EquiSource, whose mortgage has fully matured but who has not received any monies from the Debtors for their continued use and possession of the Real Estate since March 2010.

Respectfully submitted, this the 21st day of June, 2011.

KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

By: s/      Pamela P. Keenan
    Pamela P. Keenan
    N.C. State Bar No. 20328
    Attorneys for EquiSource Home Mortgage Corporation
    PO Box 19766
    Raleigh, NC 27619
    Telephone: (919) 848-0420
    Facsimile (919) 848-4216

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Donald and Carolyn Holmes
2130 Eaton Ferry Rd.
Littleton, NC  27850

John T. Orcutt
Attorney for Debtors
6616 203 Six Forks Rd.
Raleigh, NC  27615

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, NC  27702

This the 21st day of June, 2011.

                                                                       s/  *Gwen Best*
                                                                       Gwen Best
                                                                       Paralegal