# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | |
|---|---|
| **In Re:**<br>**Donald Reginald Holmes and Carolyn Ross Holmes,**<br>　　　　**Debtors.** | **Case No. 11-80164-7** |

**Trustee's Response to Debtors' Motion to Re-finance and Transfer Property**

NOW COMES the chapter 7 Trustee, John A. Northen in this case and responds as follows to the Debtors' Motion to Re-finance and Transfer Property(the "Motion"):

1. This case was commenced as a chapter 13 case on January 28, 2011, and was converted to a chapter 7 proceeding on July 19, 2011, and John A. Northen (the "Trustee") is the duly appointed chapter 7 trustee in this case.

2. The Debtors are the record owners of the home and real property located at 2130 Eaton Ferry Rd., Littleton, North Carolina (the "Real Property").

3. The Real Property has a petition value of $528,250.00.

4. The Real Property is subject to a recorded lien in favor of Equisource in the approximate amount of $87,445.59, which indebtedness was due in full as of the petition date.

5. On September 7, 2011, and following a hearing on the matter, the automatic stay protections of §362 were lifted with respect to the Real Property by entry of a Consent Order.

6. The terms of the Consent Order provide that the if the Trustee is unable to successfully market the Real Property or the Debtors are unable to refinance the Real Property within the 6 month period following the entry of the Consent Order, then Equisource shall be permitted to foreclose its interest in the Real Property.

7. The male Debtor appears to have been approved for a reverse mortgage, which is scheduled to close in early October 2011. As the Trustee understands the relief requested in the Debtors' Motion, the Debtors propose to satisfy Equisource and the tax liens in this case at the closing of the reverse mortgage and at closing the reverse mortgage lender shall pay to the Trustee approximately $167,078.94 for the full payment of claims in this case, with interest.

8. The Trustee has no objection to the relief requested by the Debtors, with the caveat that the closing take place prior to October 31, 2011, in order to allow the Trustee an opportunity to market the Real Property, should closing on the reverse mortgage not occur.

WHEREFORE, the Trustee has no objection to the relief requested by the Debtors, as more specifically set out in the Debtors' Motion, so long as the closing on the proposed reverse mortgage occurs on or before October 31, 2011.

Respectfully submitted this the 19th of September 2011.

s/Stephanie Osborne-Rodgers
Stephanie Osborne-Rodgers, NCSB#29374
Attorney for the Trustee
Northen Blue, LLP
PO Box 2208
Chapel Hill, NC 27515
919.968.4441

**Certificate of Service**

THIS IS TO CERTIFY that a copy of the foregoing was duly served upon the following by

CM/ECF:

Ed Boltz
Attorney for the Debtors

Pam Keenan
Attorney for Equisource

Michael D. West
Bankruptcy Administrator


This the 19th day of September, 2011

s/Stephanie Osborne-Rodgers<br>Stephanie Osborne-Rodgers, NCSB#29374